# ALAN S. FUTERFAS
ATTORNEY AT LAW
565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 684-8400

ELLEN B. RESNICK
MATTHEW C. McCANN

BETTINA SCHEIN
OF COUNSEL

FACSIMILE: (212) 684-5259
asfuterfas@futerfaslaw.com

August 13, 2012

<u>By ECF and Federal Express</u>
Hon. John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>*United States v. Yehuda Benatar*, 02-Cr-99; 05-Cr-552 (JG)</u>

Dear Judge Gleeson:

   This letter respectfully requests early termination of probation for Yehuda Benatar in the above-referenced case. A proposed order is attached for the Court's review. Mr. Benatar was sentenced on September 21, 2007. The term imposed was 62 months and 19 days upon his plea to conspiracy to distribute MDMA. (A copy of the Amended Judgment and Commitment Order is annexed as Exhibit A.) Upon completion of his sentence, Mr. Benatar was released from prison on October 22, 2008 and has been under the supervision of the U.S. Probation Office for the Central District of California. His term of probation expires in about one year - on October 21, 2013. Mr. Benatar now requests early termination of his probation to facilitate his frequent trips to visit his two children and an ex-wife who reside in Florida. Such relief will also facilitate Mr. Benatar's frequent trips within the country to develop his wholesale clothing business. Mr. Benatar's Probation Officer, Jennifer Soliz, advises that Mr. Benatar has had no violations or any other disciplinary problems while under supervision. He has passed all drug tests. Officer Soliz does not oppose the request for early termination.

   For these reasons, it is respectfully requested that Mr. Benatar be granted early release from supervision by the U.S. Probation Office.

Respectfully yours,

Ellen Resnick

Encl.

ALAN S. FUTERFAS

cc:     AUSA Walter Norkin (via Federal Express and ECF)
         Chief, Narcotics Unit
         U.S. Attorney's Office, EDNY
         271 Cadman Plaza East
         Brooklyn, New York 11201

         Ms. Jennifer Soliz
         U.S. Probation Office
         Central District of California
         United States Courthouse
         312 N. Spring Street, 6th floor
         Los Angeles, CA 90012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

- against -                             ORDER OF EARLY RELEASE
                                        FROM PROBATION
YEHUDA BENATAR,
                                        02 Cr. 99(JG); 05 Cr. 552(JG)
                    Defendant.
- - - - - - - - - - - - - - - - -X

   WHEREAS, on November 28, 2007, the defendant, YEHUDA BENATAR, was sentenced by amended order to 62 months and 19 days incarceration and 5 years supervised release;

   WHEREAS Yehuda Benatar has been under the supervision of the U.S. Probation Office, Central District of California, since his release from imprisonment on October 22, 2008;

   WHEREAS Yehuda Benatar now requests early termination of his supervised release; and

   WHEREAS the U.S. Probation Officer, Ms. Jennifer Soliz, does not oppose the requested early termination;

   IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Yehuda Benatar shall be released forthwith from the term of supervision that was imposed in this case.

Dated: Brooklyn, New York
       August    ,2012

                                        _____
                                        HONORABLE JOHN GLEESON
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case                 (NOTE: Identify Changes with Asterisks (*))
Sheet 1

Case 1:05-cr-00552-JG   Document 9   Filed 11/28/2007   Page 1 of 6

# UNITED STATES DISTRICT COURT

<u>EASTERN</u>   District of   <u>NEW YORK, BROOKLYN</u>

| UNITED STATES OF AMERICA | **(SECOND AMENDED JUDGMENT and RE-SENTENCE IN A CRIMINAL CASE)** |
|---|---|
| V. | |
| YEHUDA BENATAR | Case Number: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG) |
| | USM Number: 02566-748 |
| | Defendant's Attorney: Alan S. Futerfas, Esq. |
| | 260 Madison Avenue, 22nd Floor New York, NY 10016 |
| | (212) 684-8400 |

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ NOV 28 2007 ★

**Reason for Amendment:**

**Amended as to length of prison term imposed.**

**THE DEFENDANT:**
- ✔ pleaded guilty to count(s)   One of the information in 05-CR-552-01 on 7/20/2005 before Judge Gleeson.
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ✔ was sentenced on count(s)   Three of the superseding indictment in 02-CR-99(S-1 on 6/10/2005 before Judge Gleeson.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute MDMA. | 3/27/2002 | THREE |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute MDMA. | 3/27/2002 | ONE |

The defendant is sentenced as provided in   2 through 6   of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ✔ Count(s)   (All Open Counts)   ☐ is  ✔ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 21, 2007
Date of Imposition of Judgment

s/John Gleeson
Signature of Judge

John Gleeson, U.S.D.J.
Name and Title of Judge

11/20/07
Date

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

Case 1:05-cr-00552-JG   Document 9   Filed 11/28/2007   Page 2 of 6

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  2  of  6

| | |
|---|---|
| DEFENDANT: | YEHUDA BENATAR |
| CASE NUMBER: | 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG) |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

**Sixty-two (62) months and nineteen (19) days incarceration to run concurrent on both counts. The court imposes this amended sentence because it represents a term of imprisonment of ninety (90) months, less twenty-seven (27) months and eleven (11) days, which reduction credits the defendant pursuant to U.S.S.G. § 5G1.3(b)(1) for the period of time between June 10, 2005 and September 21, 2007, during which he was serving an undischarged term of imprisonment with respect to his conviction in the Eastern District of New York Criminal Docket No. 02-99.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case Case 1:05-cr-00552-JG Document 9 Filed 11/28/2007 Page 3 of 6
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __6__

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for

** <u>Five (5) years supervised release to run concurrent on both counts.</u> **

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

| | | | |
|---|---|---|---|
| AO 245C | (Rev. 06/05)(E.D.N.Y.) Amended Judgment in a Criminal Case | Filed 11/28/2007 | Page 4 of 6 |
| | Sheet 3C — Supervised Release | | (NOTE: Identify Changes with Asterisks (*)) |

Judgment—Page __4__ of __6__

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

## SPECIAL CONDITIONS OF SUPERVISION

– If deported, the defendant may not reenter the United States illegally.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   5   of   6

DEFENDANT:        YEHUDA BENATAR
CASE NUMBER:      02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| TOTAL   | $ 200.00       | $        | $               |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS    $ _____    $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
     Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  6  of  6

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ✔ Lump sum payment of $ __200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.